UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:25-cv-01277-CEM-NWH

ADAM DEPASQUA, individually and
on behalf of all others similarly situated,

     Plaintiff,

v.

TRUMP NATIONAL COMMITTEE
JFC, INC.

     Defendant.

**DEFENDANT TRUMP NATIONAL COMMITTEE JFC, INC.'S
MOTION TO STAY DISCOVERY PENDING RULING
ON DISPOSITIVE MOTION TO DISMISS**

Defendant Trump National Committee JFC, Inc. (the "Committee") hereby moves for a stay of all discovery, including the exchange of initial disclosures required by Federal Rule of Civil Procedure 26 and the Court's Scheduling Order (ECF No. 25) pending the Court's ruling on the Committee's Motion to Dismiss (ECF No. 20), on the grounds that the Motion to Dismiss is dispositive of the entire case and thus, well-established law supports a stay of discovery pending resolution of the Motion to Dismiss. In further support, the Committee states as follows:

## I.    INTRODUCTION AND BACKGROUND

This case involves individual and putative class claims by Plaintiff Adam Depasqua against the Committee arising from Plaintiff's alleged receipt of unwanted political fundraising text messages—text messages he claims violated the Telephone Consumer Protection Act ("TCPA") and its Florida analogue, the Florida Telephone Solicitation Act ("FTSA").  (*See generally* Class Action Complaint ("CAC")).

Plaintiff asserts three counts against the Committee: two under the TCPA for violations of the TCPA's Do Not Call subsection and accompanying regulations, and one under the FTSA. (*See generally id.*).

As discussed in detail in the Committee's Motion to Dismiss, political organizations sending political fundraising messages are categorically exempt from the reach of the TCPA and FTSA. Moreover, *text messages* are not covered by the TCPA at all. Taken as true, Plaintiff's allegations foreclose any relief under the TCPA or FTSA, and a wealth of authority supports dismissal here.

In this context, precedent from the Eleventh Circuit, this District, and other courts establishes that discovery should be stayed pending resolution of such meritorious, dispositive legal issues. To hold otherwise will result in a significant waste of the parties' and the Court's resources. Therefore, the Court should stay discovery.

## II.    ARGUMENT

In *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997), the Eleventh Circuit held that a motion to dismiss based upon the legal sufficiency of a claim should be resolved before discovery begins. The panel said it best:

> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible. Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of the disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

*Id.* at 1368. The Eleventh Circuit recently reiterated the central tenet of *Chudasama*:

that "'[f]acial challenges to the legal sufficiency of a claim . . ., such as a motion to

dismiss based on failure to state a claim for relief, should be . . . resolved before

discovery begins'" and "the failure to consider and rule on these potentially dispositive

pretrial motions can be an abuse of discretion." *Isaiah v. JPMorgan Chase Bank, N.A.*,

960 F.3d 1296, 1308–09 (11th Cir. 2020) (quoting *Chudasma*, 123 F.3d at 1367). These

considerations carry the most force when analogous caselaw supports dismissal. *See*

*id.* (finding district court acted within its discretion in staying discovery where a

previous court's review of the plaintiff's nearly identical claims determined dismissal

was appropriate); *see also Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002)

(district court did not err in suspending discovery pending resolution of two motions

for judgment on the pleadings because "there was no need for discovery before the

district court ruled on those motions").

To assess whether a stay is warranted, some federal courts take a "preliminary

peek" at the merits of the motion to reveal its viability and dispositive nature. *See, e.g.*,

*Gibson v. Lynn Univ.*, 2020 WL 6700448, at *1–2 (S.D. Fla. 2020) (quotation marks omitted; quoting *Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D. Fla. 1997) (Corrigan, J.) (determining that the motion to dismiss for failure to state a claim raised case dispositive issues and thus a stay of discovery was appropriate). They then "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Koock v. Sugar & Felsenthal, LLP*, No. 8L09-CV-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) (Jenkins, M.J.) (citation omitted); *see also Nuwer v. CA US, LLC*, 2020 WL 5748745 (S.D. Fla. 2020) (citing *Isaiah* and *Chudasma* and determining a stay pending review of a motion to dismiss for lack of personal jurisdiction was warranted). This Court in like circumstances has found a stay of discovery warranted pending resolution of a dispositive motion to dismiss for failure to state a claim. *See* March 29, 2022 Endorsed Order, *Planet Hollywood Int'l, Inc. v. Zurich Am. Ins. Co.*, No. 6:21-cv-00471 [ECF No. 42] (M.D. Fla. Mar. 29, 2022).

A "preliminary peek" at the Motion to Dismiss reveals that it is well-supported by substantial authority and would resolve the entire case. (*See generally* Mot. Dismiss). Indeed, a stay of discovery is particularly suitable here because the Committee's key argument—that political organizations are categorically exempt from the TCPA and FTSA—is well-supported by caselaw. *See, e.g.*, *Deleo v. Nat'l Republican Senatorial Comm.*, No. 2:21-cv-03807, 2021 WL 5083831, at *9 (D.N.J. Nov. 1, 2021); *Libby v. Nat'l Republican Senatorial Comm.*, 551 F. Supp. 3d 724, 729 (W.D. Tex. 2021);

*Camunas v. Nat'l Republican Senatorial Comm.*, 570 F. Supp. 3d 288, 300 (E.D. Pa. 2021) (same); *Bennett v. Veterans Aid Pac, Inc.*, No. 4:21-cv-340, 2022 WL 1632553, at *5 (E.D. Tex. May 23, 2022); *Sutherland v. Save Am.*, 1:22-cv-303, 2023 WL 9785040, at *2 (N.D. Fla. May 25, 2023)). Plaintiff's claims are of the "dubious" variety that warrant a discovery stay. *Chudasama*, 123 F.3d at 1368. And the Court's analysis of the Committee's arguments for dismissal is readily made from the face of the Complaint and its documents incorporated by reference. (*See generally* Mot. Dismiss). Since the squarely legal determinations here are well-supported by the law, require no discovery, and would resolve entirely of the case, a stay is warranted.

Moreover, on balance, a stay here would cause only "minimal harm produced by a brief delay in discovery," *Gibson,* 2020 WL 6700448, at *2, while permitting discovery to proceed could result in massive expense to the Committee and burden on the Court with almost inevitable discovery disputes and management. Therefore, a stay is in order.

WHEREFORE, the Committee respectfully requests that the Court stay all discovery until the Court has ruled on the Committee's Motion to Dismiss, and that the Court grant such other relief as the Court deems just and proper.

## RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned certifies that he conferred with counsel for Plaintiff on August 20, 2025 via email, and that Plaintiff does not agree to the relief requested herein. Plaintiff's counsel requested the following quoted position statement prepared by Plaintiff's counsel be included in the conferral certificate:

Plaintiff opposes a stay of all discovery. However, Plaintiff agrees that discovery pre-class certification should be proportionate to the needs of the case prior to class certification. Plaintiff agrees to accept de-identified class list(s) and/or summary class data/reports pre-certification as this data is relevant to the court's analysis on certification. Plaintiff also agrees that prior to a ruling on Defendant's motion to dismiss that Defendant is not required to produce class discovery. However, Plaintiff should be permitted to serve his discovery prior to a ruling a class certification. Additionally, Plaintiff has also proposed that the parties delay serving any discovery and briefing the discovery stay issue until after the parties conclude briefing on Defendant's motion to dismiss. Defendant does not agree with any of Plaintiff's proposed discovery stay concessions.

The Committee does not agree with Plaintiff's conferral statement or any proposal therein.

Dated: August 28, 2025

Respectfully submitted,

*/s/ Eric Lundt*
Eric Lundt (FL Bar No. 861715)
Sarah Morgado (FL Bar No. 1026053)
JONES DAY
600 Brickell Avenue, Suite 3300
Miami, FL 33131
Tel: (305) 714-9700
Fax: (305) 714-9799
Email*:* elundt@jonesday.com
Email: smorgado@jonesday.com

E. Stewart Crosland (D.C. Bar No.
1005353) (*pro hac vice* admission pending)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Tel: (202) 879-3939
Fax: (202) 626-1700
Email: scrosland@jonesday.com

*Counsel for Defendant Trump National
Committee JFC, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 28, 2025, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all parties at the email addresses on file with the Clerk of Court.

> /s/ Eric Lundt
> Eric Lundt
> *Counsel for Defendant Trump National Committee JFC, Inc*