ADAM DEPASQUA, individually and
on behalf of all others similarly
situated,

      Plaintiff,

v.

TRUMP NATIONAL COMMITTEE
JFC, INC.

      Defendant.

---

## DEFENDANT TRUMP NATIONAL COMMITTEE JFC, INC.'S TIME-SENSITIVE MOTION FOR PROTECTIVE ORDER PENDING RULING ON DISPOSITIVE MOTION TO DISMISS

Defendant Trump National Committee JFC, Inc. (the "Committee") hereby moves for a protective order preventing the Committee from being forced to respond to Plaintiff's 125 discovery requests while the Committee's dispositive Motion to Dismiss (ECF No. 20) is pending. In further support, the Committee states as follows:

### I.    LOCAL RULE 3.01(e) STATEMENT

Plaintiff's 125 discovery requests (a combination of requests for production, requests for admissions, and interrogatories), which have numerous sub-parts and compound questions, were served on September 25, 2025. Plaintiff's counsel was unamenable to the Committee's good-faith request for a 30-day extension from the

date of any order denying the Committee's pending Motion to Stay Discovery (ECF No. 25) for the Committee to serve its response and objections to the discovery requests. (*See generally* Ex. A, Email Correspondence with Plaintiff's Counsel). Accordingly, the Committee's responses and objections are presently due October 14, 2025, *see* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(a), 36(a)(3), making this motion time-sensitive, as the relief requested will become largely moot if the Committee is forced to respond to the discovery requests. Thus, pursuant to Local Rule 3.01(e), a ruling is requested **as soon as feasible**, as the Committee is actively expending its finite political donations unnecessarily, as it must prepare its responses and objections to the discovery requests and cannot wait until the last moment to do so. In all events, a ruling is necessary by no later than **October 10, 2025**, so that the Committee can determine whether it must finalize and serve its discovery responses.[1]

## II.    INTRODUCTION AND BACKGROUND[2]

This case involves individual and putative class claims by Plaintiff Adam Depasqua against the Committee arising from Plaintiff's alleged receipt of unwanted political fundraising text messages—text messages he claims violated the Telephone Consumer Protection Act ("TCPA") and its Florida analogue, the Florida Telephone Solicitation Act ("FTSA"). (*See generally* Class Action Complaint ("CAC")).

---

[1] The Court's Scheduling Order (ECF No. 25) requires service of the parties' initial disclosures by October 1, 2025. The Committee has sought a wholesale stay of discovery, including service of initial disclosures, pending resolution of its Motion to Dismiss (*see generally* Mot. Stay), but the Court has not yet ruled on the Motion to Stay.

[2] In accordance with Local Rule 3.01(f), the Committee does not incorporate by reference its factual background or arguments from its Motion to Stay but states for the Court's benefit that much of the background information and arguments herein are parallel to the arguments raised in the Motion to Stay.

Plaintiff asserts three counts against the Committee: two under the TCPA for violations of the TCPA's Do Not Call subsection and accompanying regulations, and one under the FTSA. (*See generally id.*).

As discussed in detail in the Committee's Motion to Dismiss, political organizations sending political fundraising messages are categorically exempt from the reach of the TCPA and FTSA. Moreover, *text messages* are not covered by the TCPA at all. Taken as true, Plaintiff's allegations foreclose any relief under the TCPA or FTSA, and a wealth of authority supports dismissal here.

On August 28, 2025, the Committee filed a Motion to Stay Discovery (ECF No. 26) because in this context, precedent from the Eleventh Circuit, this District, and other courts establishes that discovery should be stayed pending resolution of the meritorious, dispositive legal issues raised in the Motion to Dismiss. The Committee feared Plaintiff would serve broad, burdensome discovery requests despite the pending, meritorious and dispositive Motion to Dismiss, resulting in a significant waste of the parties' and the Court's resources on discovery arising from non-meritorious claims. (*See generally id.*).

The Committee's fears were soon realized. On September 11, 2025, Plaintiff served on the Committee his First Discovery Requests, attached hereto as Exhibit B. Plaintiff's integrated initial discovery includes 23 numbered interrogatories, 59 requests for production, and 43 requests for admission. (*See generally* Ex. B). Not only are the discovery requests so overbroad and/or irrelevant as to be abusive (*see, e.g.*, *id.* at 8 ("State the total amount [of] money contributed by donors in connection with the

Texts or Text Campaign, including the total number of individual contribution or donation transactions from the Texts or Text Campaign."), but they also raise serious First Amendment privilege issues regarding the Committee's political activities, strategies, and associations (*see, e.g.*, *id.* at 4 ("Describe with specificity www.WinRed.com [sic] role contribution, involvement, and/or interests in the Texts placed to Plaintiff's Telephone Number, including whether www.WinRed.com charges or earns a fee for contributions, donations, or purchases made in connection with the Texts.").

On September 23, 2025, the undersigned emailed Plaintiff's counsel to request a 30-day extension from the date of any order denying the stay motion for the Committee to serve its responses and objections. Plaintiff's counsel stated that Plaintiff would not "agree to stay or extend discovery related to Plaintiff's *individual* claims – both subject to any ruling on the pending motions." (*See* Ex. A at 4 (emphasis added)). Accordingly, the Committee's response and objections to the requests—which make no effort to delineate or define class discovery versus discovery on Plaintiff's individual claims (*see generally* Ex. B)—is due October 14.

The Committee has many concerns with Plaintiff's discovery requests and reserves—and does not waive—subsequently presenting any other objections it has or may have to the requests. Yet the Committee does not raise those objections in this Motion because doing so would bring about the precise burden and cost the Committee seeks to avoid. Indeed, each dollar expended on discovery diminishes a pool of donor-intended political contributions, which are subject to strict contribution

limits. The Committee simply requests that it not be forced to utilize funds, all raised as political contributions subject to strict federal limits, to respond to *any* discovery—much less the burdensome discovery served by Plaintiff—while its dispositive and meritorious Motion to Dismiss is pending. The Committee thus seeks entry of an order protecting it from responding to Plaintiff's First Discovery Requests until the Court decides the Motion to Dismiss.

## III.    ARGUMENT

Pursuant to Federal Rule of Civil Procedure 26(c), the district court may, for good cause, issue a protective order staying discovery pending resolution of a dispositive motion. *See* Fed. R. Civ. P. 26(c)(1). While the district court enjoys "broad discretion" in deciding whether a stay is warranted, *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997), "[d]iscovery should follow the filing of a well-pleaded complaint," not precede it, *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981). Indeed, "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should [] be resolved before discovery begins." *Chudasma*, 123 F.3d at 1666–67. To permit discovery to proceed on a nonmeritorious claim "encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs." *Id.* at 1368; *accord Isaiah v. JPMorgan Chase Bank, N.A.*, 960 F.3d 1296, 1308–09 (11th Cir. 2020) (citing *Chudasma*, 123 F.3d at 1367).

To determine whether to stay discovery pending resolution of a dispositive motion, courts often take a "preliminary peek" at the merits of the motion to reveal its

viability and dispositive nature. *See, e.g.*, *Gibson v. Lynn Univ.*, 2020 WL 6700448, at *1–2 (S.D. Fla. 2020) (quotation marks omitted; quoting *Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D. Fla. 1997) (Corrigan, J.) (determining that the motion to dismiss for failure to state a claim raised case dispositive issues and thus a stay of discovery was appropriate)). They then "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Koock v. Sugar & Felsenthal, LLP*, No. 8L09-CV-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) (Jenkins, M.J.) (citation omitted); *see also Nuwer v. CA US, LLC*, 2020 WL 5748745 (S.D. Fla. 2020) (citing *Isaiah* and *Chudasma* and determining a stay pending review of a motion to dismiss for lack of personal jurisdiction was warranted). This Court in like circumstances has found a stay of discovery warranted pending resolution of a dispositive motion to dismiss for failure to state a claim. *See* March 29, 2022 Endorsed Order, *Planet Hollywood Int'l, Inc. v. Zurich Am. Ins. Co.*, No. 6:21-cv-00471 [ECF No. 42] (M.D. Fla. Mar. 29, 2022).

A "preliminary peek" at the Motion to Dismiss reveals that it is well-supported by substantial authority and would resolve the entire case. (*See generally* Mot. Dismiss). Indeed, a stay of discovery is particularly suitable here because the Committee's key argument—that political organizations are categorically exempt from the TCPA and FTSA—is well-supported by caselaw. *See, e.g.*, *Deleo v. Nat'l Republican Senatorial Comm.*, No. 2:21-cv-03807, 2021 WL 5083831, at *9 (D.N.J. Nov. 1, 2021); *Libby v. Nat'l Republican Senatorial Comm.*, 551 F. Supp. 3d 724, 729 (W.D. Tex. 2021);

*Camunas v. Nat'l Republican Senatorial Comm.*, 570 F. Supp. 3d 288, 300 (E.D. Pa. 2021) (same); *Bennett v. Veterans Aid Pac, Inc.*, No. 4:21-cv-340, 2022 WL 1632553, at *5 (E.D. Tex. May 23, 2022); *Sutherland v. Save Am.*, 1:22-cv-303, 2023 WL 9785040, at *2 (N.D. Fla. May 25, 2023)). Plaintiff's claims are of the "dubious" variety that warrant a discovery stay. *Chudasama*, 123 F.3d at 1368. And the Court's analysis of the Committee's arguments for dismissal is readily made from the face of the Complaint and its documents incorporated by reference. (*See generally* Mot. Dismiss). Indeed, in the "preliminary peek" portion of Plaintiff's response brief to the Committee's Motion to Stay, Plaintiff barely discussed the Committee's argument that political organizations are exempt from the TCPA and FTSA, devoting but one sentence to the argument with no citation to authority. (*See* Pl.'s Opp'n Def.'s Mot. Stay Disco. (ECF No. 28) 10). Since the squarely legal determinations here are well-supported by the law, require no discovery, and would resolve entirely of the case, a stay is warranted.

Moreover, on balance, a stay here would require "minimal harm produced by a brief delay in discovery," *Gibson*, 2020 WL 6700448, at *2, while permitting discovery to proceed could result in massive expense to the Committee and burden on the Court with almost inevitable discovery disputes and management. When the Committee first sought to stay discovery, it anticipated precisely what has now occurred: Plaintiff has lodged overbroad, abusive, improper discovery requests that will require detailed objections, will likely result in multiple conferrals with Plaintiff's counsel, and will almost inevitably require judicial intervention. (*See generally* Ex. A). On the other hand, Plaintiff had no issue responding to the Motion to Dismiss without

discovery (*see* Pl.'s Resp. Opp'n Def.'s Mot. Dismiss (ECF No. 27)) and cannot identify any staleness or destruction concerns (*see generally* Pl.'s Opp'n Def.'s Mot. Stay Disco.). At bottom, without a protective order, discovery will draw significant party and Court resources—while being based on non-meritorious claims that are the subject of a pending dispositive motion. Therefore, a protective order is necessary.

WHEREFORE, the Committee respectfully requests that the Court enter a protective order staying the Committee's obligations to respond and object to Plaintiff's discovery requests until the Court has ruled on the Committee's Motion to Dismiss, and that the Court grant such other relief as the Court deems just and proper.

## RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned certifies that he conferred with counsel for Plaintiff on September 23, 24, and 26, 2025, via email, in an attempt to reach resolution of the issues raised in this Motion and that Plaintiff does not agree to the relief requested herein.

Dated: September 26, 2025

Respectfully submitted,

*/s/ Eric Lundt*
Eric Lundt (FL Bar No. 861715)
Sarah Morgado (FL Bar No. 1026053)
JONES DAY
600 Brickell Avenue, Suite 3300
Miami, FL 33131
Tel: (305) 714-9700
Fax: (305) 714-9799
Email: elundt@jonesday.com
Email: smorgado@jonesday.com

E. Stewart Crosland (D.C. Bar No.
1005353) (*pro hac vice* admission pending)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Tel: (202) 879-3939
Fax: (202) 626-1700
Email: scrosland@jonesday.com

*Counsel for Defendant Trump National
Committee JFC, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 26, 2025, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all parties at the email addresses on file with the Clerk of Court.

*/s/ Eric Lundt*
Eric Lundt
*Counsel for Defendant Trump National Committee JFC, Inc*