# EXHIBIT B

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

Case No. 6:25-cv-01277-CEM-NWH

ADAM DEPASQUA, individually and
on behalf of all others similarly situated,

     Plaintiff,

v.

TRUMP NATIONAL COMMITTEE
JFC, INC.

      Defendant.

## PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT

Plaintiff hereby requests that Defendant answer under oath the following
interrogatories, requests for production of documents, and requests for admissions:

### Definitions and Instructions

When used in these interrogatories, requests for production and requests for
admission, the terms "Defendant," or "you" (or synonyms thereof) means TRUMP
NATIONAL COMMITTEE JFC, INC., and its officers, directors, members,
employees, agents, operators, representatives, attorneys, and/or any and all persons
acting or purporting to act on its behalf, as well as any predecessor, successor, or
related entities that may be in possession of discoverable information.

1.     "Database" means a collection of data organized for search and retrieval
by computer, no matter the format.

2.     The term "Plaintiff" means ADAM DEPASQUA.

3.     The term "Telephone Number" means the telephone number ███████
███.

1

4.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

5.      "Concerning" means referring to, describing, evidencing, or constituting.

6.      "Document" means all written or graphic matter or tangible thing of every kind or description, however produced or reproduced, whether in draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted or executed, including, but not limited to, written communications, screen shots from computer data bases or CRM's, e-mails, text messages, letters, correspondence, memoranda, minutes, notes, photographs, slides, videotapes, motion pictures, audio tapes or sound records, recordings of any type, contracts, agreements, loan applications, loan documents, financing agreements, insurance applications, insurance policies, performance reports, memoranda of telephone conversations or personal conversations, diaries, desk calendars, interoffice communications, reports, studies, bills, receipts, loan sheets, checks, checkbooks, personal expense accounts, plans, blueprints, drawings, or material similar to any of the foregoing, however denominated and by whomever prepared or to whomever addressed, however generated, executed or delivered and/or received, and however stored, which are in Defendant's possession, custody or control, or to which Defendant has, has had, or can obtain access.

7.      The term "identify" when used with respect to a natural person means to state: (1) the full name of the person, (2) his or her present or last known business and residential address and telephone number, (3) his or her email address, (4) his or her employer and position or title, (5) a description of his or her responsibilities, and (6) with respect to expert witnesses, the witness's profession and qualifications. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent interrogatories requesting the identification of that person.

8.      The term "identify" with respect to legal actions means to state: (1) the full names of all parties, (2) the case number or other identifying number, and (3) the jurisdiction and specific court or tribunal.

9.     The term "identify" with respect to documents means to state: (1) the type of document (e.g., "letter to John Doe, cc: Jane Doe"), (2) its date or approximate date, (3) its author or authors, (4) its recipient or recipients, (5) its subject matter, and (6) its present location or custodian (or in lieu thereof attach a copy of the document). You need not provide a description as detailed as the foregoing if the document is produced in response to these Interrogatories or Requests for Production and if such information is readily discernible from the document.

10.    To identify a document that was, but is no longer, in your possession or subject to your control, or in existence, state whether it (1) is missing or lost, (2) has been destroyed, (3) has been transferred, voluntarily or involuntarily, to others, or (4) has been otherwise disposed of; and in each instance, explain the circumstances surrounding the authorization for such disposition and state the date or approximate date thereof.

11.    The term "identify" when used with respect to verbal communication, discussion, or meeting means to state: (1) the type of communication, discussion or meeting (e.g., telephone conversation, face-to-face conversation, staff meeting), (2) its date or approximate date, (3) the identity of its participants or attendees, and (4) its general subject matter.

12.    The term "identify" With respect to equipment, stating the manufacturer, model number, brand, and equipment owner or lessee; and if computerized equipment (including desktops and servers), additionally stating the operating system, storage capacity (in terms of gigabytes or terabytes), RAM (in terms of gigabytes), and Your use of the computer; and,

13.    The term "identify" With respect to computer software, stating the manufacturer, version, brand, licensee, and functional purpose of the software.

14.    "Person" means any natural person or any business, legal or governmental entity or association.

15.    "Telephone Consumer Protection Act" or "TCPA" means the federal telemarketing statute codified at 47 U.S.C. § 227.

16.    "FTSA" means the Florida Telephone Solicitation Act, §501.059.

17.    "Subject Text(s)" shall mean the text messages placed to Plaintiff as identified in Plaintiff's operative Complaint.

3

18.    "Text Details" refers to detailed information on a particular inbound or outbound text message, including, as available, the telephone number placing the text (including area code); the telephone number receiving the text, the name or "Caller ID" of the text; the date of the text; the time of the text; and the name of the person being texted.

19.    "Text" or "Texts" shall mean a text message placed to a mobile telephone and/or residential telephone by You or on Your behalf for the purpose of marketing or promoting Your organization, including for soliciting contributions or the sale of merchandise, that was sent using the same type of equipment used to place the Subject Texts.

20.    The "Text Campaign" means Defendant's effort to cause Texts to be placed to multiple cell phone numbers that were the same or substantially similar to the Texts placed to Plaintiff.

21.    The "Relevant Time Period" means July 1, 2021, until present.

22.    The "DNC Class" means: All persons within the United States to whose telephone number Defendant placed (or had placed on its behalf) two or more Texts in a 12-month period when the telephone number to which the Texts were made was on the National Do-Not-Call Registry for more than 30 days at the time of the Texts, from four years prior to the filing of the Complaint through the date of class certification.

23.    The "Internal DNC" Class: **All persons within the United States who,** within the four years prior to the filing of this Complaint, received any Text from or on behalf of Defendant, to said person's cellular telephone number *after* making a request to Defendant to not receive future Texts.

24.    The "FTSA Internal DNC" Class: All persons within the State of Florida who received any Text from or on behalf of Defendant at least 15 days *after* communicating to Defendant that they did not wish to receive text messages by replying to the messages with "stop" or similar opt-out instruction between July 1, 2021, to the date of Class Notice.

25.    "Class Members" or "Classes" refers to members of the DNC Class, the Internal DNC Class, and/or The FTSA Internal DNC Class.

26.    The singular shall be construed to include the plural, and the plural shall be construed to include the singular.

27. The word "each" shall be construed to include the word "every," and the word "every" shall be construed to include the word "each."

28. The word "any" shall be construed to include the word "all," and the word "all" shall be construed to include the word "any."

29. The word "or" shall be construed to include "and," and the word "and" shall be construed to include the word "or."

30. The phrases "referring to" or "relating to" means referring to, relating to, regarding, reflecting, discussing, constituting, mentioning, pertaining to, alluding to, or associated with.

31. The term "present" means up to and including the date of your final response to the requests.

32. "Native Format" means the original file format of an electronic file. Plaintiff requests that electronically stored information ("ESI") be produced in native format unless the parties agree on another format of production.

33. Unless otherwise stated, these requests relate to the Relevant Time Period and up until the date of your response.

34. These requests are continuing in nature, up to and during the course of the trial. Your responses to these requests must be supplemented as you obtain additional information affecting any of your responses.

35. If you cannot answer all or part of any interrogatory in full after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion, and detailing what you did in attempting to secure the unknown information.

36. With respect to any document you withhold on a claim of privilege or immunity, provide a statement signed by Defendant's attorney setting forth as to each such document:
    a. The name of the sender(s) of the document;
    b. The name of the author(s) of the document;
    c. The name of the person(s) to whom copies were sent or otherwise made available;
    d. The job title of every person named in (a), (b) and (c) above;
    e. The date of the document;

      f.     A brief description of the nature and subject matter of the document; and

      g.     The detailed factual basis for the claim of privilege.

37.    With respect to any information you withhold on a claim of privilege or immunity, provide a statement signed by Defendant's attorney setting forth as to each such piece of information:

      a.     The name of the person(s) who created or are responsible for such information;

      b.     The job title of every person named in (a) above;

      e.     The applicable date(s) of such information;

      f.     A brief description of the nature and subject matter of the information; and

      g.     The detailed factual basis for the claim of privilege.

## INTERROGATORIES

1. Did You or did someone on Your behalf (including present or former contractors, vendors, agents, officers and/or employees) place a Text to the Plaintiff's Telephone Number? If so, how many Texts were placed and describe what records You consulted and procedures You undertook to enable You to answer "yes" to this interrogatory.

2. Did Texts placed to Plaintiff's Telephone Number promote any business, goods and/or services? If not, what was the purpose of sending the Texts?

3. Describe with specificity www.WinRed.com role, contribution, involvement, and/or interests in the Texts placed to Plaintiff's Telephone Number, including whether www.WinRed.com charges or earns a fee for contributions, donations, or purchases made in connection with the Texts.

4. Has any of the money solicited, contributed, donated, paid, or earned in connection with the Texts or Text Campaign ever been used for any expenditure other than as payment or donation to a registered political party candidate, registered political party campaign, or registered political action committee? If so, identify or list all said expenses, payment, or line items.

5. State the total amount money contributed by donors in connection with the Texts or Text Campaign, including the total number of individual contribution or donation transactions from the Texts or Text Campaign.

6. State the total amount money paid by donors to purchase or receive merchandise in connection with, or in response to, the Texts or Text Campaign, including the total number of individual contributions or transactions to purchase or receive merchandise in connection with the Texts or Text Campaign.

7. Please describe the factual circumstances that led to the Texts to Plaintiff's Telephone Number, including how the telephone number was acquired or derived (e.g., from a bulk purchase of telephone numbers; or through Your or Your vendor's directory-assisted random-digit telephone samples; using computerized lists; and random-digit-dialing (RDD) or some similar process).

8. Please state the full name, employer, most current business location address, job title and job description of the person (including present or former contractors, vendors, agents, officers and/or employees) placing the Texts identified in interrogatory no. 1.

9.  Please state the facts and documents You are aware of reflecting or evidencing that Plaintiff or anyone else provided prior written express consent to Defendant to receive Texts on Plaintiff's Telephone Number.

10. Please state the date of all Texts to Plaintiff's Telephone Number and Identify the equipment and the software programs associated with each Text.

11. Please state the full name, employer, most current business location address, job title and job description of the person (including present or former contractors, vendors, agents, officers and/or employees) who drafted and/or approved of the contents of the Texts to Plaintiff's Telephone Number and identify the documents those persons relied upon in drafting and approving of the Texts.

12. Please state the name, address, e-mail address, telephone number, all contract persons, and of the owner of any third-party vendor or sales agent who Texted Plaintiff and describe Defendant's relationship with said person(s) or entity.

13. Please state the telephone numbers and caller IDs assigned to each piece of equipment used by Defendant or its marketers, sales representatives, agents, contractors or vendors to place Texts to Plaintiff's Telephone Number and Class Members.  This interrogatory includes equipment used to place the telephone Texts to Plaintiff's Telephone Number.

14. Please state the total number of outbound Text placed to telephone numbers during the Relevant Time Period that Defendant's employees, marketers, sales representatives, contractors, vendors and/or agents placed for the purpose of contacting potential donors relating to Defendant, including to each of the respected Classes.

15. With respect to the Texts counted in Your response to interrogatory number 14, please state whether or not You or Your employees, marketers, sales representatives, contractors, vendors had prior express written consent from said persons to receive Texts, and provide the total number of outbound Texts for which You have facts or evidence reflecting prior written express consent for Defendant to place Texts to Plaintiff and/or Class Members.

16. With respect to the Texts counted in Your response to interrogatories numbers 13 and 14, please identify the computer servers, desktops computers, the computer software, and the Databases (e.g. relational, SQL, etc…) utilized to retrieve the requested information for each interrogatory and describe the search methods used to retrieve the requested information for each interrogatory.

17. With respect to each Text counted in Your response to interrogatory number 14, please describe how the cellular telephone number called was acquired or derived (e.g., from a bulk purchase of telephone numbers; or through directory-assisted random-digit telephone samples; using computerized lists; and random-digit-dialing (RDD) or some similar process).

18. With respect to the Texts counted in Your numerical responses to interrogatories 13 and 14, please state the whether or not information regarding a potential customer or donor is searchable or retrievable via computer, or any other electronically stored information, including information regarding his or her cellular telephone number, his or her name, the date a Text was placed to the person, the time a Text was placed to the person, and whether the Text was manually sent or sent using in whole or in part an automated system. As part of Your response, please identify the computer equipment (including servers and desktop computers), the computer software, and the Databases (e.g. relational, SQL, etc…) and search methodologies and queries utilized to search and retrieve the information.

19. Please describe Your procedures and Your efforts used to ensure that compliance with the TCPA and TCPA-related regulations, and the FTSA and industry guidelines, including Do-Not-Call registry compliance, for placing Texts.

20. Please state the case number and name the court jurisdiction of any and all lawsuits alleging Defendant, or Defendant's employees, marketers, sales representatives, contractors, vendors, and/or agents alleged noncompliance with the TCPA or FTSA.

21. Identify the person or persons employed by or otherwise associated with Defendant responsible for receiving, maintaining, investigating, and responding to consumer complaints regarding the TCPA, FTSA, and Do-Not-Call Registry compliance, and/or its marketing practices.

22. Describe in detail the circumstances of each investigation, disciplinary action, termination, and legal action (civil, criminal, or administrative) related to consumer complaints regarding the TCPA, FTSA or Defendant's texting practices and identify all Defendant's employees or agents associated with such legal actions, investigations, disciplinary actions or terminations. This interrogatory is limited to the last five years.

23. Identify the principal and material facts which you contend establish that you had consent to place each of the Subject Texts to Plaintiff and the potential Class Members.

## <u>REQUEST FOR PRODUCTION OF DOCUMENTS</u>

1.    Documents, including Text Details, relating to Texts placed to Plaintiff's Telephone Number.

2.    Documents, including screen shots of all databases, computer systems, CRM software interfaces, regarding, involving, mentioning, or pertaining to Plaintiff or Plaintiff's Telephone Number.

3.    All communications, including internal communications, e-mails, chats, or logs regarding, involving, mentioning, or pertaining to Plaintiff or Plaintiff's Telephone Number.

4.    All documents and information pertaining to the named Plaintiff, including any documents or communications provided to you, or exchanged between you, and any third party or the Plaintiff.

5.    Documents showing the reasons why Defendant placed Texts to Plaintiff or Plaintiff's Telephone Number.

6.    Documents showing how Defendant acquired Plaintiff's Telephone Number.

7.    Any and all documents that refer to, that were directed to, or that were received from, Plaintiff.

8.    Any and all documents that reflect written communications with Plaintiff.

9.    Documents reflecting that Plaintiff solicited Texts from Defendant.

10.    Documents reflecting that Plaintiff provided prior express consent to Defendant to receive Texts.

11.    Documents reflecting that Plaintiff has had a prior business relationship with Defendant, that Plaintiff previously utilized the goods or services of Defendant, or that Defendant previously interacted with Plaintiff.

12.    Documents reflecting that for all Texts made by or on behalf of Defendant that Defendant had prior express consent from to place such Texts.

13.    Text Detail records/logs for all Texts placed to, received by, or from, Plaintiff or Plaintiff's Telephone Number.

14.     Documents describing the software used to Text or that assisted in the Texting of Plaintiff's Telephone Number.

15.     Documents stating the identity of the owner or subscriber for each of the telephone numbers that placed a Text to Plaintiff.

16.     Documents showing all Text Details, including in-bound and out-bound telephone calls, pre-written telephone calls, for the Plaintiff's Telephone Number.

17.     Documents showing all Call Details, including in-bound and out-bound Texts, and pre-written Texts, for each of the telephone numbers that placed a Text to Plaintiff.

18.     Documents reflecting Your policies and procedures relating to texting potential customers or donors of Defendant, including any policies and procedures, sales scripts, memoranda, or instructions of any kind provided to, or exchange between, any third-party marketer, vendor, or sales representative or agent of Defendant.

19.     Records of all Texts placed by or on behalf of Defendant during the Relevant Time Period to potential customers or donors, including records identifying the number of Texts placed by any third-party marketer, vendor, or sales representative or agent of Defendant.

20.     Records of all Texts placed by or on behalf of Defendant during the Relevant Time Period to potential customers or donors.

21.     Records identifying all leads or customers or donors acquired by or on behalf of Defendant during the Relevant Time Period due to Texts placed by any third-party marketer, vendor, or sales representative or agent of Defendant.

22.     Records identifying all leads or customers or donors acquired by or on behalf of Defendant during the Relevant Time Period due to Texts placed by Defendant's agents, employees, and or third party lead generators.

23.     All communications, e-mails, contracts, agreements, invoices, billing records, lead lists or lead information regarding or pertaining to the named Plaintiff, including all documents and information provided to, or exchanged between, Defendant and any entity regarding the named Plaintiff.

24.     Documents reflecting Your procedures and Your efforts used to ensure compliance with the TCPA, FTSA, and TCPA-related regulations for Texts made by you or on your behalf, whether made by you directly or through the use of third parties.

25.     Documents reflecting Your procedures and Your efforts used to ensure that calls are not placed to customers or potential customers registered on the national Do-Not-Class registry by you or on your behalf, whether made by you directly or through the use of third parties.

26.     Documents reflecting Your procedures and Your efforts to ensure compliance with industry guidelines for placing Texts to cellular telephones or cellular telephone numbers.

27.     Copies of memoranda, polices, procedures, guidelines, e-mails, notes, presentations, handouts, seminar or conference materials Your employees received or have been in possession of that in whole or part discuss TCPA, FTSA, and/or Do-Not-Call registry compliance or guidelines.

28.     Documents, including technical manuals, training manuals, presentations, or user guides, describing any dialing system used to place or dial or used to assist in the placing or dialing of outbound Texts potential customers or donors.

29.     Documents, including technical manuals, presentations, or user guides, describing any software programs used to place or dial or to assist in the placement of Texts to customers or potential customers or donors of Defendant.

30.     Documents that reflect Defendant or Defendant's vendors, marketers, or sales representative's use, ownership, or lease of any dialing system used to send or to assist in the placing of outbound Texts to customers or potential customers or donors of Defendant.

31.     Documents that reflect Defendant or Defendant's vendors, marketers, or sales representative's use, ownership, or licensing of software programs used to send or to assist in the placing of outbound Texts to customers or potential customers or donors of Defendant.

32.     Copies of the contracts and agreements (including all attachments and addenda) that You have entered with any vendor, marketer, sales representative, agent or contractor that provides for said person(s) or entity's placement of outbound Texts to customers or potential customers or donors of Defendant.

33.     All literature, scripts, or materials pertaining to Texts placed to, or interactions with, potential customers or Donors of Defendant, included any such materials provided to any third-party vendor or third contractor.

34.     All policies, procedures, or guidelines pertaining to the placement of Texts to, or interactions with, potential customers of Defendant, included any such materials provided to any third party vendor or third contractor.

35.     All e-mails and communications between You and any third-party regarding the allegations in Plaintiff's Complaint.

36.     All internal e-mails and communications between your employees, agents, and/or representatives regarding the allegations in Plaintiff's Complaint

37.     With respect to the vendors, marketers, sales representatives, contractors, or agents that entered contracts or agreements with You, produce copies of the schemas or file and record layout of any Database containing fields showing the Text Details of outbound telephone calls to cellular telephones.

38.     An electronic file in Native Format that shows the Text Details for outbound Texts and the Text Campaigns.

39.     Documents showing that Defendant obtained the prior express written consent of persons who Defendant or someone on behalf of Defendant placed Texts.

40.     With respect to the vendors, marketers, sales representatives, contractors, or agents that entered contracts or agreements with You, produce copies of the schemas or file and record layout of any Database containing fields showing the Text Details of outbound Texts, and inbound text, of each of the respective Classes.

41.     An electronic file in Native Format that shows the Text Details for Texts sent to each telephone number in the respective Classes.

42.     Documents showing each person and telephone number that is on Defendant's Internal DNC list, or otherwise identifying each person or telephone number who communicated to Defendant that they no longer wished to be contacted.

43.     For each person or telephone number identified in response to request 42 above, documents and Text Details showing each person or telephone number that was texted, the date(s) the Text(s) were placed, and the total number of Texts to each of these individuals or telephone numbers.

44.    All agreements, understandings, and/or contracts between Defendant and www.WinRed.com.

45.    Documents, balance sheets, or other ledgers which reflect the total amount of charges, fees, or monies earned by, or paid to, www.WinRed.com in connection with contributions, donations, or purchases made in connection with the Texts.

46.    Documents, balance sheets, or other ledgers which reflect all money solicited, contributed, donated, paid, or earned in connection with the Texts or Text Campaigns that has ever been used for any expenditure other than as payment or donation to a registered political party candidate, registered political party campaign, or registered political action committee?

47.    Documents, balance sheets, or other ledgers which reflect the total amount money contributed by donors in connection with the Texts or Text Campaign, including the total number of individual contribution or donation transactions from the Texts or Text Campaign.

48.    Documents, balance sheets, or other ledgers which reflect the total amount money paid by donors to purchase or receive merchandise in connection with, or in response to, the Texts or Text Campaign, including the total number of individual contributions or transactions to purchase or receive merchandise in connection with the Texts or Text Campaign.

49.    All marketing lead lists for your potential customers or donors.

50.    Documents describing Defendant's processes and procedures for acquiring and determining which telephone numbers to text to reach potential customers or Donors.

51.    Documents reflecting complaints or inquiries from both federal and state governmental agencies regarding Defendant's alleged non-compliance with the TCPA or FTSA.

52.    Documents, including demand or notice letters, complaints, answers, class certification rulings, orders on motions to dismiss, settlement agreements, and final judgments filed in lawsuits alleging Defendant's noncompliance with the TCPA or FTSA.

53.     Documents, including copies of complaints or inquiries from actual or potential customers, regarding alleged calls or texts placed to the potential customers or donors.

54.     An organizational chart for Defendant listing managers, divisions, officers and directors.

55.     A copy of the insurance policies covering Defendant for violation(s) of the TCPA or FTSA.

56.     A copy of "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment" and/or that otherwise afford coverage for the claims in the instant action. *Fed. R. Civ. P.* 26(a)(i)(A)(iv)

57.     All documents identified in Defendant's Rule 26 Disclosures.

58.     All documents that You contend support Your affirmative defenses.

59.     All documents that describe your general retention practices for call records/logs and preservation efforts.

## <u>STATEMENTS OF FACT TO BE ADMITTED OR DENIED</u>

Admit or deny the following:

1.      Plaintiff has no prior existing business relationship with Defendant.

2.      Plaintiff did not provide Defendant with his consent to be texted for every text placed to Plaintiff.

3.      Plaintiff texted the word STOP to Defendant on September 24, 2024.

4.      Plaintiff texted the word STOP to Defendant at least 18 times.

5.      Plaintiff recevied at least 19 texts from, or behalf of Defendant, after he texted the word STOP.

6.      Defendant did not place Plaintiff on its internal do-not-call list prior to June 17, 2025.

7.      Defendant did not place Plaintiff on its internal do-not-call list prior to July 10, 2025.

8.      At least one Text sent to Plaintiff requested money.

9.      At least one Text sent to Plaintiff advertised merchandise.

10.    At least one Text sent to Plaintiff requested money from Plaintiff in exchange for merchandise.

11.    At least one Text sent to Plaintiff directed Plaintiff to merchandise on www.windred.com.

12.    At least one Text sent to Plaintiff requested that Plaintiff contribute money to Defendant on www.windred.com.

13.    www.WinRed.com provides an online software platform.

14.    www.WinRed.com provides an online payment processing platform.

16

15.     www.WinRed.com provides an online e-store service.

16.     www.WinRed.com is owned and operated by WinRed Technical Services, LLC.

17.     WinRed Technical Services, LLC is not a nonprofit corporation.

18.     WinRed Technical Services, LLC is not a federally registered PAC.

19.     www.WinRed.com charges payment processing fees.

20.     www.WinRed.com charges merchandising fees.

21.     Fees paid to WinRed Technical Services, LLC are not contributions to Defendant.

22.     WinRed Technical Services, LLC earns money from contributions and purchases processed using the www.WinRed.com platform.

23.     Defendant did not place Plaintiff on its internal do-not-call list at any point in time.

24.     During the Relevant Time Period Defendant, or someone on Defendant's behalf, placed Texts to Plaintiff.

25.     Defendant or someone on Defendant's behalf placed Texts to more than 40 persons or entities during the Relevant Time Period.

26.     Defendant or someone on Defendant's behalf placed Texts that promoted a business, product or service.

27.     Defendant's organization is not authorized by any candidate or any committee of any federal candidate.

28.     Prior to July 1, 2021, You had knowledge of the TCPA.

29.     Prior to July 1, 2021, You had knowledge of the Do-Not-Call Registry.

30.    Prior to July 1, 2021, You had knowledge of your requirement to have a written policy pertaining to "do not call" requests.

31.    You or someone on your behalf placed the Subject Texts to Plaintiff.

32.    You did not have written express written consent to place the Texts to more than 40 cellular phone users.

33.    You placed Texts to more than 40 persons after they requested that you stop texting.

34.    Plaintiff was texted while his number was on the national Do-Not-Call-Registry.

35.    You continued to text Plaintiff after he expressly asked you stop.

36.    You have records that identify the number of people who received Texts from you or on your behalf during the Relevant Time Period.

37.    Your third-party vendors have provided you records that identify the number of people who received Texts on your behalf during the Relevant Time Period.

38.    The number of potential DNC Class Members is greater than 50.

39.    The number of potential DNC Class Members is greater than 100.

40.    The number of potential Internal DNC Class Members is greater than 50.

41.    The number of potential Internal DNC Class Members is greater than 100.

42.    The number of potential Internal FTSA Class Members is greater than 50.

43.    The number of potential Internal FTSA Class Members is greater than 100.

Dated: September 11, 2025                    Respectfully Submitted,

                                             */s/ Joshua Eggnatz*
                                             Joshua H. Eggnatz, Esq.

Florida Bar No.: 0067926
EGGNATZ | PASCUCCI
7450 Griffin Road, Suite 230
Davie, Florida 33314
Tel: (954) 889-3359
Email: jeggnatz@justiceearned.com

*Lead Counsel for Plaintiff
and the Class*

Seth M. Lehrman, Esq.
Florida Bar No.: 132896
LEHRMAN LAW
6501 Park of Commerce Blvd.
Suite 253
Boca Raton, FL 33487
Tel: (754) 778-9660
Email: seth@lehrmanlaw.com

*Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 11th day of September 2025, I served the foregoing document via e-mail on all counsel of record.

*/s/ Joshua H. Eggnatz*
Joshua H. Eggnatz

## SERVICE LIST

Eric Lundt (FL Bar No. 861715)
Sarah Morgado (FL Bar No. 1026053)
Jones Day
600 Brickell Avenue, Suite 3300
Miami, FL 33131
Tel: (305) 714-9700
Fax: (305) 714-9799
Email: elundt@jonesday.com
Email: smorgado@jonesday.com

E. Stewart Crosland (D.C. Bar No. 1005353) (Admitted *pro hac vice*)

JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Tel: (202) 879-3939
Fax: (202) 626-1700
Email: scrosland@jonesday.com

*Counsel for Defendant Trump National Committee JFC, Inc*